(No. 97-CV-0779—

*In re* APPLICATION OF SHEILA FRANKLIN

*Opinion filed March 31, 2000.*

SHEILA FRANKLIN, *pro se.*

JIM E. RYAN, Attorney General (KIMBERLY M. PATE and GARY ARKISS, Assistant Attorneys General, of counsel), for Respondent.

## OPINION

HESS, J.

This cause is before the Court on a recommendation from a Commissioner of this Court following a hearing. This Court denied Claimant's application for benefits under the Crime Victims Compensation Act (740 ILCS 45/1 *et seq.*) on March 31, 1998, on the basis that the victim's injuries were substantially attributable to, or provoked by, the victim's own wrongful actions as proscribed by section 6.1(d) of the Crime Victims Compensation Act. 740 ILCS 45/6.1(d).

Claimant filed a timely request for a hearing. A hearing was held before Blanche Hill Fawell, a Commissioner of this Court on October 13, 1999.

At the hearing, the Claimant testified that her son Roosevelt was killed on December 29, 1995. The Claimant introduced into evidence several letters which described the night her son was killed.

Cherie Franklin, the victim's fiancee, who was present when the victim was killed, testified that her cousin, Cornelius, stole a pager that Roosevelt had given her for Christmas. Cornelius and Roosevelt argued outside about the pager and began pushing and shoving each other. This fight was broken up and everyone went back into the house. The argument began again and Cherie testified that she went outside and got a table leg. Roosevelt came out of the house, grabbed the table leg from her and hit the passenger side window of the offender's car. The windshield did not break. The offender got out of the car and shot the victim. As the victim was running toward the house, the offender kept shooting at him.

The offender was arrested, pled guilty to second degree murder, and was sentenced to 18 years in the Illinois Department of Corrections.

The office of the Attorney General introduced the police reports into evidence. The reports state that there was an argument over a pager. The victim struck the offender's windshield, as he was preparing to leave, with a stick causing it to crack but not break. The offender then pulled a gun out of the glove compartment and shot the victim as he was running into his house.

The Court finds that the victim's conduct contributed to his death. While the Court sympathizes with the Claimant on the loss of her son, the victim's act of striking the offender's windshield was an act of aggression that contributed to his injuries. At the time the offender's windshield was struck, the offender was attempting to leave. While the victim's death is an unfortunate incident, it appears from all the evidence that the parties were engaged in an argument which escalated into a physical confrontation in which the victim participated.

It is hereby ordered that the March 31, 1998, order of this Court denying Claimant's application for benefits under the Crime Victims Compensation Act is affirmed and that this claim is closed.